UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
AHMAD GLOVER,

                        Plaintiff,                         **COMPLAINT**

      -against-                            JURY TRIAL DEMANDED

THE CITY OF NEW YORK, PETER GIGANTI, and
JOHN DOE,

                        Defendants.
---------------------------------------------------------------------x
Plaintiff AHMAD GLOVER, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff seeks relief for the Defendants violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York.  The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and 42, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.     Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4.     The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5.     Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

6.     Plaintiff Ahmad Glover is 39 years old and at all times hereinafter mentioned was and still is a resident of the State of New York and the County of Queens.

8.     Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement within New York City and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police department and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

2

10.     Defendants GIGANTI and DOE were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK.  Defendants GIGANTI and DOE are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

11.     Defendants GIGANTI and DOE are sued in their individual capacities.

## STATEMENT OF FACTS

12.     It was alleged by Defendant Peter Giganti in a felony complaint filed with the Criminal Court of the City of New York, County of Queens, that in the early morning of June 2, 2018 in front of 120-44 131st Street, in the County of Queens, he observed Plaintiff Ahmad Glover seated in front of the above location, "[w]hich is an abandoned single family home". The complaint further alleged that and a number of other individuals were gathered in front of the above location drinking what appeared to be alcohol. It was further alleged that when Defendant Giganti instructed Plaintiff Ahmad Glover to leave "he observed and recovered a 9 millimeter handgun, containing two rounds of 9 millimeter ammunition in the magazine, from the area right next to where the defendant (Glover) was seated". Finally, the complaint alleges that Mr. Glover resisted arrest when he "flailed his

arms, twisted his body, and kicked his legs in an attempt to avoid being handcuffed and placed under arrest".

13.    Plaintiff Ahmad Glover was arrested and charged with various felony weapon possession counts and misdemeanor resisting arrest and his attorney at arraignment requested medical attention because of injuries stemming from Glover's arrest. Bail was set at arraignment in the amount of $10,000.00 and it took Mr. Glover several days to post the same. In the interim, he lost his job as a school bus driver.

14.    On June 12, 2019, after repeated attempts by the district attorney to induce a guilty plea by Glover failed, they moved to dismiss all charges without comment.

15.    Plaintiff respectfully submits to the Court that at the time of his arrest he was not committing any crimes or offenses and that he was violently thrown to the ground by Defendants Giganti and Doe causing a gash to the corner of his left orbital and breaking his eyeglasses. There is a still a visible and permanent scar on Mr. Glover's face.


**FIRST CAUSE OF ACTION**
**EXCESSIVE FORCE**

16.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

17.    By their actions in violently throwing Plaintiff face first into the pavement, Defendants GIGANTI and DOE used excessive force.  The acts and conduct of the Defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the United States Constitution and its Amendments.

18.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, and was otherwise damaged and injured.

## SECOND CAUSE OF ACTION
### FALSIFICATION OF EVIDENCE

19.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

20.    By their actions in lying about the altercation of June 2, 2018 and falsifying related paperwork, Defendants GIGANTI and DOE falsified evidence.  The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the United States Constitution and its Amendments.

21.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, and was otherwise damaged and injured.

## THIRD CAUSE OF ACTION
### (False Arrest)

22.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

23.    By their actions in arresting Mr. Glover and charging him with felony firearm possession and resisting arrest the Defendants GIGANTI and DOE falsely arrested Plaintiff Ahmad Glover.

24.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, and was otherwise damaged and injured.

**FOURTH CAUSE OF ACTION**
(Liability of Defendant the City of
New York for Constitutional Violations)

25.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

26.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its correction department, and through defendants GIGANTI and DOE had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

27.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

28.     Prior to June 2, 2018 the City developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of Mr. Jordan's rights.

29.     It was the policy and/or custom of the City to investigate inadequately and improperly complaints of police officer misconduct.   Instead, acts of brutality were tolerated by the City.   The Police Department has substantially failed to investigate and discipline transgressors; instead accepting at face value whatever version the individual police officers put forth, even when the evidence contradicts it and the district attorney declines prosecution.   For instance, investigations of brutality rarely lead to administrative

trials and when they do, and the charges are somehow sustained, the punishment is minimal, lacking any deterrent effect.

30.     It was the City's policy and/or custom to supervise and discipline officers inadequately, including the defendant officers, thereby failing to discourage constitutional violations on the part of its police officers.

31.     Police officers of the City of New York have for years engaged in a pattern and practice of actively and passively covering up the misconduct of fellow officers by failing to come forward or failing to accurately give evidence as to misconduct of which they are aware, thereby establishing and perpetuating a "code of silence."

32.     This "code of silence" is a custom deeply ingrained in the members of the New York City Police Department so as to constitute the actual policy of the City of New York.

33.     The City has been deliberately indifferent to the need for more or different training, rules and regulations relating to police officers who witness or have information regarding misconduct by fellow officers.  The City has failed to properly sanction or discipline officers who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other New York City police officers, thereby causing and encouraging New York City police officers, including the individual defendant officers in this case, to violate the rights of citizens such as Mr. Glover.

34.     It is believed that the City has maintained no system or an inadequate system of review of officers who withhold knowledge or give false information regarding misconduct by fellow officers.  This failure to identify and track such officers, including

the defendant officers, or to discipline, more closely supervise, or retrain such officers who engage in the "code of silence," causes New York City police officers to believe that they can engage in misconduct, secure in the knowledge that their fellow officers will neither intervene, nor give evidence against them.  These systemic deficiencies include, but are not limited to:

> a.    Preparation of investigative reports designed to vindicate the conduct of officers who gave false information about the misconduct of other officers, or who falsely denied knowledge about misconduct which they were in a position to observe;

> b.    Preparation of investigative reports which uncritically rely solely on the word of police officers and which systematically fail to credit testimony of non-police witnesses;

> c.    Preparation of investigative reports which omit or ignore factual information and physical evidence which contradict the accounts of police officers;

> d.    Issuance of public statements exonerating officers involved in such incidents prior to the completion of investigation;

> e.    Failure to have meaningful review of investigative reports by responsible superior officers for accuracy or completeness, including consideration of the conduct of officers who were not actively engaged in the misconduct which was the subject of the investigation, and acceptance

of conclusions which are not supported by the evidence or which contradict such evidence; and,

    f.    Failure to identify potential "code of silence" violations and maintain accurate records of allegations of such misconduct.

35.    The City, prior to and at the time of this incident, was aware of the need for more or different training, rules, regulations, investigation and discipline relating to police officers who practice the "code of silence," and was deliberately indifferent to that need.

36.    The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger of harm to citizens like plaintiff and the need for more or different training and discipline are policies, practices, and customs of the City of New York and have caused correction officers, including the officer defendants in this case, to believe that they can violate the rights of citizens with impunity, and that their fellow officers would conceal such conduct, including swearing falsely and committing perjury, all with the foreseeable result that officers are more likely to violate the constitutional rights of citizens.

37.    As a direct and proximate result of the City's deliberate indifference, defendants violated Mr. Glover's constitutional rights for which he suffered substantial damages.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the defendants:

    a.  Compensatory damages;

    b.  Punitive damages (GIGANTI and DOE);

c.   The convening and empanelling of a jury to consider the merits of the

claims herein;

d.   Costs and interest and attorneys' fees;

e.   Such other further relief as this court may deem appropriate and

equitable.

Dated: Brooklyn, New York
         June 1, 2019

Respectfully submitted,

**SCOTT G. CERBIN, ESQ., PLLC**
Counsel for the Plaintiff

/s/ Scott G. Cerbin
By: Scott G. Cerbin (SC5508)
16 Court Street, Suite 2901
Brooklyn, New York 11241
(718) 596-1829